J-S11043-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| EDWARD CRUZ GOUDY, | : | |
| | : | |
| Appellant | : | No. 260 MDA 2014 |

Appeal from the PCRA Order entered on January 13, 2014
in the Court of Common Pleas of Berks County,
Criminal Division, No. CP-06-CR-0005138-2001

BEFORE: PANELLA, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED FEBRUARY 26, 2015**

Edward Cruz Goudy ("Goudy") appeals from the Order dismissing his first Petition for relief pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

In 2003, Goudy was convicted of murder of the second degree, recklessly endangering another person, robbery, and criminal conspiracy.[1] Goudy was 15 years old at the time of the crime. The trial court sentenced Goudy to life in prison without the possibility of parole.

This Court affirmed the judgment of sentence. **See Commonwealth v. Goudy**, 855 A.2d 131 (Pa. Super. 2004) (unpublished memorandum). Goudy did not seek further review.

---

[1] 18 Pa.C.S.A. §§ 2502(b), 2705, 3701, 903.

Goudy filed his first PCRA Petition, *pro se*, following the United States Supreme Court's decision in **Miller v. Alabama**, 132 S. Ct. 2455 (2012).[2] The PCRA court appointed Goudy counsel, who filed an Amended PCRA Petition. The PCRA court issued a Notice of Intent to Dismiss, and subsequently dismissed the Petition. Goudy filed a timely Notice of Appeal and a Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement of Matters Complained of on Appeal.

On appeal, Goudy raises the following questions for our review:

I. Whether the PCRA [c]ourt erred in denying [Goudy's] Amended PCRA Petition as untimely[,] and not under one of the recognized exceptions to an untimely filed petition[,] where [Goudy's] Amended PCRA Petition met the exception provided by 42 Pa.C.S.A. § 9545(b)(1)(iii)[,] as [Goudy's] Petition was filed within 60 days of the United States Supreme Court['s] companion decisions in **Miller** [] and **Jackson v. Jobbs**, 132 S. Ct[.] 2455 (2012)?

II. Whether the PCRA [c]ourt erred in denying [Goudy's] Amended PCRA [P]etition as untimely[,] and not under one of the recognized exceptions to an untimely filed petition[,] where [Goudy's] Petition met the except[ion] provided by 42 Pa.C.S.A. § 9545(b)(1)(iii)[,] because the United States Supreme Court intended for the new constitutional right set forth in **Miller** [] and **Jackson** [] to be held retroactive for petitioners on collateral review such as [Goudy] herein?

---

[2] In **Miller**, the Supreme Court held that sentencing schemes, which mandate life in prison without parole for defendants who committed their crimes while under the age of eighteen, violates the Eighth Amendment's prohibition on "cruel and unusual punishments." **Miller**, 132 S. Ct. at 2460. The Supreme Court reasoned that, in light of a juvenile's diminished culpability and heightened capacity for change, mandatory juvenile sentencing schemes pose too great a risk of disproportionate punishment, in contravention of the Eighth Amendment. **Id.** at 2469.

III. Whether the PCRA [c]ourt erred in denying [Goudy's] Amended PCRA Petition as untimely[,] and not under one of the recognized exceptions to an untimely filed petition[,] in reliance on **Commonwealth v. Cunningham**, [81 A.3d 1, 11] (Pa. 2013)[, *cert. denied*, **Cunningham v. Pennsylvania**, 134 S. Ct. 2724 (2014),] where [Goudy] [] asserts that the decision in **Cunningham** is in violation of Article I, Section 13 of the Pennsylvania Constitution?

Brief for Appellant at 4.

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

**Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

We will address Goudy's claims together, as they all relate to the retroactive application of **Miller**. Goudy first argues that his PCRA Petition was timely because he filed it within 60 days of the United States Supreme Court's decision in **Miller**. Brief for Appellant at 9. Next, Goudy asserts that **Miller** should be applied retroactively. **Id.** at 9-15. Goudy also claims that the **Cunningham** decision violates the Pennsylvania Constitution's prohibition against cruel and unusual punishment. **Id.** at 15-18.

Initially, under the PCRA, any PCRA petition "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania, or at

the expiration of time for seeking the review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Goudy's Petition is facially untimely under the PCRA. *See* 42 Pa.C.S.A. § 9545(b).

However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any PCRA petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id.* § 9545(b)(2); *see also Albrecht*, 994 A.2d at 1094.

Goudy invokes the newly recognized constitutional right exception codified at 42 Pa.C.S.A. § 9545(b)(1)(iii). Goudy asserts that his sentence was unconstitutional under *Miller*'s prohibition against life sentences without the possibility of parole for juveniles, and that *Miller* should be applied retroactively. Brief for Appellant at 9-15.

Goudy filed his Amended PCRA Petition within 60 days of the *Miller* decision, as required by 42 Pa.C.S.A. § 9545(b)(2). However, in order to invoke the exception, the deciding court must apply the right retroactively. *See* 42 Pa.C.S.A. § 9545(b)(1)(iii). Although the United States Supreme

- 4 -

Court did not address the retroactive application of **Miller** in its holding, the Pennsylvania Supreme Court ruled that **Miller** does not apply retroactively to juveniles in Pennsylvania whose judgments of sentence were final at the time **Miller** was decided. **Cunningham**, 81 A.3d at 11. "[W]e are confined by the express terms of subsection 9545(b)(1)(iii) and our Supreme Court['s] decision in **Cunningham**." **Commonwealth v. Seskey**, 86 A.3d 237, 243 (Pa. Super. 2014).[3] Accordingly, Goudy has failed to plead and prove the exception provided in 42 Pa.C.S.A. § 9545(b)(1)(iii) to overcome the untimeliness of his Petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/26/2015

---

[3] The United States Supreme Court granted *certiorari* in **Toca v. Louisiana**, 135 S. Ct. 781 (Dec. 12, 2014), to determine the retroactivity of **Miller**. However, the Supreme Court subsequently dismissed *certiorari* under United States Supreme Court Rule 46.1. **See Toca v. Louisiana**, 2015 U.S. LEXIS 909 (Feb. 3, 2015).